UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK P. GENDRON,

        Plaintiff,

                                     CASE NO. 1:22-cv-376

v.

                                     HON. ROBERT J. JONKER

GREGORY J. McCOY, et al.,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff asserts claims for: (1) invasion of privacy; (2) legal malpractice; (3) libel/defamation; (4) intentional infliction of emotion distress; (5) negligent infliction of emotional distress; (6) bad faith; (7) negligent misrepresentation; (8) violation of the Drivers Privacy Protection Act of 1994; (9) violation of Michigan laws regarding the use of information contained in a person's driver's report; and (10) malicious prosecution and abuse of process. Defendants move to dismiss. (ECF No. 33). The Magistrate Judge issued a Report and Recommendation the Court grant the Defendants' motion to dismiss and terminate the action. (ECF No. 80). Plaintiff filed timely Objections. (ECF No. 82).

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 80) and Defendant's Objection to it. (ECF No. 82). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendant's objection. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the record and the governing law. In his objections, Plaintiff primarily reiterates allegations he has already made, and that the Magistrate Judge properly found insufficient to state a claim under applicable law. To the extent that Plaintiff's Objections raise anything new, those issues fall into two categories.

First, Plaintiff essentially asks this Court to relitigate the arbitration and the state court action underlying this case. That is not properly before the Court, even assuming it would be possible for this Court to have jurisdiction over that issue. Second, Plaintiff suggests that the Magistrate Judge failed to consider the assertions in the light most favorable to the Plaintiff. *See In re NM Holdings Co. LLC,* 622 F.3d 613, 618 (6th Cir. 2010). Plaintiff states that as a *pro se* litigant at this stage "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (ECF No. 82, PageID.977) (quoting *Rickets v. Midwest National Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989). This standard has long since been overruled by the plausibility standard articulated by the Supreme Court which demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While *pro se* litigants are held to a less stringent standard than attorneys, that leniency does

not suspend pleading requirements. *See Hunter v. Wells Fargo Bank Ass'n as Tr. for Sec. Asset Backed Receivable LLC 2004-DO2*, 2018 WL 6719715, at *2 (6th Cir. Aug. 22, 2018). The Magistrate Judge properly applied that standard here. In connection with this objection, Plaintiff claims that the Magistrate took Defendants' word for certain facts in this case. (ECF No. 82, PageID.972). This is inaccurate – the Report and Recommendation reflects a thorough and fair consideration of the allegations and underlying facts established in the pleadings, including in the exhibits. *See Cates v. Crystal Clear Technologies, LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (finding that when an exhibit contradicts allegations in the complaint, the exhibit trumps the allegations). The Court finds the Magistrate's accounting of the facts to accurately reflect the information in the pleadings and his analysis to be both fair and legally sound. Nothing in Plaintiff's objections change the fundamental analysis.  For the very reasons the Report and Recommendation details, this Court agrees with the recommendations.

ACCORDINGLY, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (ECF No. 80) is **APPROVED AND ADOPTED** as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (ECF No. 33) be **GRANTED**.

The Court discerns no good-faith basis for appeal of this matter.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED**. A separate Judgment shall issue.

DATED:  October 17, 2022               /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE