UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK P. GENDRON,

    Plaintiff,                                  Hon. Robert J. Jonker

v.                                                 Case No. 1:22-cv-376

GREGORY J. MCCOY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Rule 11 Sanctions. (ECF No. 60). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

## BACKGROUND

In 2020, Joseph Quinlan initiated an arbitration proceeding against Plaintiff. (ECF No. 34, PageID.67-93). Following arbitration, Quinlan was awarded $9,300.00 against Plaintiff and his company, Semper Fi Services. (ECF No. 34-8, PageID.96). On September 21, 2020, Quinlan, represented by Gregory J. McCoy, initiated legal action against Plaintiff and Semper Fi Services to confirm the arbitration award and enter judgment against Plaintiff and his company. (ECF No. 34-11, PageID.103-07).

Quinlan experienced difficulty accomplishing service on Plaintiff, however. (ECF No. 34-13, PageID.111). As Plaintiff eventually conceded, he "left the State of Michigan" in July 2018 and took his "residence on the road." (ECF No. 34-14, PageID.113). On November 14, 2020, Plaintiff authored a letter to McCoy threatening

to file a "bar complaint" with the State of Michigan and, moreover, to seek sanctions against him for filing "bogus" claims.  (ECF No. 34-15, PageID.115).

On December 28, 2020, the claims against Plaintiff were dismissed for failure to timely effect service.  (ECF No. 34-16, PageID.118).  The claims against Semper Fi Services were not dismissed, however, and on May 6, 2021, default judgment was entered against Semper Fi Services in the amount of $9,700.00.  (ECF No. 34-17, PageID.120).  On July 7, 2021, Semper Fi Services moved to set aside the default judgment.  (ECF No. 34-18, 34-19, at PageID.122-37).

In an attempt to locate Plaintiff so that service could be accomplished, McCoy obtained from the Michigan Secretary of State a Driver Record Information report regarding Plaintiff.  (ECF No. 34-20, PageID.140-43).  On July 22, 2021, McCoy authored a letter to Norman and Lorraine Sunamoto.  (ECF No. 34-20, PageID.139). The contents of the letter, in its entirety, are as follows:

> My office is involved in a lawsuit against Derek Gendron.  Based on the enclosed records from the Michigan Secretary of State, he had a driver's license that showed your residence at 42519 Bradner Road, Northville, MI was his residence.  This does not appear consistent with the real estate records showing that you own this home.  It was possible he was either a renter or he falsely claimed that your property was his home.  Can you please contact my office and let me know if you know anything about this individual?  I appreciate your anticipated cooperation with this matter.

(ECF No. 34-20, PageID.139).

On August 10, 2021, Quinlan, again represented by McCoy, re-asserted his action against Plaintiff.  (ECF No. 34-24, PageID.184-89).  Service was accomplished on Plaintiff the following month in Tennessee.  (ECF No. 34-25 – 34-27, PageID.191-207).

2

Based upon nothing more than the letter sent to Norman and Lorraine Sunamoto, Plaintiff initiated this action in the United States District Court for the Middle District of Tennessee against Gregory J. McCoy and the law firm of which he is a member, Cunningham Dalman PC. (ECF No. 1). The case was subsequently transferred to this Court because the Middle District of Tennessee could not exercise personal jurisdiction over Defendants. (ECF No. 24-25).

Defendants subsequently moved to dismiss Plaintiff's claims and the undersigned recently issued a Report and Recommendation finding that Plaintiff's allegations failed to state a claim and, therefore, should be dismissed. On October 17, 2020, the Honorable Robert J. Jonker adopted this recommendation and entered judgment in favor of Defendants. (ECF No. 83-84). Defendants now move the Court to impose sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11. Specifically, Defendants seek $29,872.00 in attorneys' fees and an unspecified amount in costs. Defendants also move to place Plaintiff on restricted-filer status. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **ANALYSIS**

Federal Rule of Civil Procedure 11 provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper. . .an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; and
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

The test for whether sanctions are appropriate is "whether the individual's conduct was reasonable under the circumstances." *Katz v. Rabkin*, 213 Fed. Appx. 387, 389 (6th Cir., Jan. 9, 2007). Moreover, Rule 11 employs an objective standard "intended to eliminate any 'empty-head pure heart'" justifications for otherwise sanctionable conduct. *Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 353 (6th Cir., Aug. 24, 2005).

The rationale for imposing sanctions under Rule 11 is primarily, but not exclusively, deterrence. Rule 11 provides that a sanction imposed thereunder "must be limited to what suffices to deter repetition of the conduct or comparable conduct by those similarly situated." Fed. R. Civ. P. 11(c)(4). Nevertheless, compensating those who bear the brunt of a litigant's sanctionable conduct is not inconsistent with deterrence. *See Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 400 (6th Cir. 2009) ("if compensation was not a recognizable basis for Rule 11 awards, aggrieved litigants would have little incentive to pursue sanctions thus diminishing the important deterrent effect of Rule 11").

Given that deterrence is the primary function of Rule 11 sanctions, there is often a reluctance to order "direct payouts to the opposing party." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); *see also*, Fed. R. Civ. P. 11(c)(4) ("the

sanction may include nonmonetary directives"). But Rule 11 also expressly authorizes the Court, if "warranted for effective deterrence, [to issue] an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). Finally, as the Sixth Circuit has observed, "because the adequacy of deterrence is to a great extent incommensurable, it makes little sense to require the district court to engage in an extensive discussion of why a particular dollar amount will deter what conduct." *Tilmon-Jones v. Boladian*, 581 Fed. Appx. 493, 497 (6th Cir., Sept. 8, 2014).

      The Court discerns nothing reasonable about Plaintiff's conduct in this matter. Plaintiff initiated this action in response to lawful action by Defendants to locate Plaintiff so that he could be properly served in a legitimate state court action. After initiating this action, Plaintiff served on Defendants irrelevant, harassing, and unduly burdensome discovery requests. (ECF No. 72-2, 72-3, PageID.815-59). Moreover, Plaintiff declined Defendants' offer to stay discovery, and the costs associated with such, until after the Court resolved Defendants' motion to dismiss. (ECF No. 45-1, PageID.298; ECF No. 49; ECF No. 86, PageID.1151). Furthermore, as the undersigned detailed in a Report and Recommendation, the claims Plaintiff asserted in this matter were completely lacking in merit. It is difficult to come to any other conclusion than Plaintiff initiated the present action to harass and/or retaliate against Defendants for their actions representing their client in his efforts to collect from Plaintiff the money awarded in arbitration.

In sum, Plaintiff's claims were without merit and failed to advance any claim warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Plaintiff's conduct in this matter was not reasonable and was not undertaken for proper purpose. Accordingly, imposition of Rule 11 sanctions is both appropriate and necessary to deter Plaintiff and others from wasting this Court's limited resources and subjecting future litigants to similar behavior.

Having determined that sanctions are appropriate, the question becomes what sanction(s) to impose. Defendant moves the Court to impose two very different sanctions on Plaintiff. First, Defendant requests that Plaintiff be placed on restricted-filer status, which would require Plaintiff to obtain "prior certification" from the Court before filing any future action against Defendants, Joseph Quinlan, and/or Defendants' representatives. The Court declines to impose such a sanction on Plaintiff *at this juncture*. Accordingly, the undersigned recommends that this aspect of Defendants' motion be denied.

Defendants also move the Court to sanction Plaintiff in the amount of its costs and attorney fees. The Court is persuaded that such a sanction is appropriate under the circumstances. As the Court recently noted, Defendants failed to include with their motion any indication or calculation of the amounts in fees and costs incurred in this matter. (ECF No. 85). Defendants have now supplemented their motion to address this deficiency. (ECF No. 86). In their supplement, Defendants fail to indicate the

6

amount, or necessity of, any costs for which it seeks reimbursement. Accordingly, the undersigned recommends that Defendants' motion for costs be denied.

Turning to Defendants' motion for attorneys' fees, Defendants' billing records indicate that attorneys David Saperstein and Cody Corbin expended 113.1 and 12.4 hours, respectively, on this matter at hourly rates of $240 and $220, respectively. The Court finds the hourly rates charged by counsel to be reasonable. With respect to the hours charged by counsel, however, the Court finds several aspects thereof to not be reasonable.

First, on July 27, 2022, Defendants moved the Court to quash Plaintiff's discovery requests and, moreover, to stay discovery pending resolution of Defendants' motion to dismiss. (ECF No. 72). Prior to submitting this motion, attorney Saperstein spent 8.8 hours evaluating and preparing responses to Plaintiff's discovery requests. (ECF No. 86, PageID.1144-45). It did not reasonably require 8.8 hours for Defendants to determine that Plaintiff's discovery requests were unduly burdensome, irrelevant, and sought information protected by privilege. Defendants could have more quickly moved to quash Plaintiff's discovery requests, thereby obviating the need to spend several hours preparing responses thereto. The Court finds that it reasonably required no more than 1.0 hour to determine that Plaintiff's discovery requests were unreasonable and that a motion to quash could be filed. Thus, of the 8.8 hours claimed, the Court finds that only 1.0 hour is reasonably compensable.

Second, attorney Saperstein spent 17.4 hours drafting emails to, and reading emails from, Defendants and Defendants' claims representative. (ECF No. 86, PageID.1141-47). This activity occurred over a six-month period. The Court finds this expenditure of time to be unreasonable. While Plaintiff's claims were without merit, this was not a complicated case. The Court is not suggesting that counsel should have disregarded his obligation to seek input from his clients and to likewise keep his clients informed of the progress in this matter. Nevertheless, satisfying these obligations did not, in the Court's estimation, require this much time. Thus, the Court finds that of the 17.4 hours requested 4.0 hours is reasonably compensable.

Finally, subtracting from Defendants' request the hours detailed above results in a request of 91.9 hours for work performed by Mr. Saperstein and 12.4 hours for work performed by Mr. Corbin. The Court still considers 104.3 hours work for this case to be unreasonable. This case was not complicated and did not require, in the Court's estimation, more than 100 hours to defend. Accordingly, the Court will further reduce Mr. Saperstein's requested hours by ten percent to 82.7 hours. In sum, the Court finds reasonable the following number of hours: (a) 82.7 hours by Mr. Saperstein, which results in a partial fee award of $19,848.00 (82.7 x $240.00); and (b) 12.4 hours for Mr. Corbin, which results in a partial fee award of $2,728.00 (12.4 x $220.00). This brings the total fee award to $22,576.00.

In conclusion, considering Plaintiff's conduct in this matter, the undersigned finds appropriate the imposition of sanctions. Specifically, the undersigned finds that the only possible way of effectively deterring Plaintiff from continuing to engage in frivolous

litigation is to impose on Plaintiff a substantial portion of the cost of doing so. Accordingly, the undersigned recommends that Plaintiff be ordered to pay to Defendant twenty-two thousand, five hundred seventy-six dollars ($22,576.00) in attorneys' fees.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Rule 11 Sanctions (ECF No. 60) be granted in part and denied in part. Specifically, the undersigned recommends that: (1) Defendants' motion for costs be denied; (2) Defendants' motion to place Plaintiff on restricted-filer status be denied; (3) Defendants' motion for attorneys' fees be granted in part and denied in part; and (4) Plaintiff be ordered to pay to Defendants twenty-two thousand, five hundred seventy-six dollars ($22,576.00) in attorneys' fees pursuant to Federal Rule of Civil Procedure 11.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 10, 2022　　　　　　　　　　/s/ Phillip J. Green
　　　　　　　　　　　　　　　　　　　　　PHILLIP J. GREEN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

9